FILED
 2013 Dec-10  PM 12:01
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| ANDREW G. RICHARDSON, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) Case No.  7:13-cv-01950-HGD |
| | ) |
| ALAGASCO, INC., | ) |
| | ) |
| Defendant | ) |

# REPORT AND RECOMMENDATION

The above-entitled civil action is before the court on the Motion to Dismiss filed by defendant.  (Doc. 3).  By order entered October 22, 2103, plaintiff was allowed twenty-one (21) days in which to file opposition to the Motion to Dismiss. To date, plaintiff has filed no opposition.

Plaintiff, Andrew G. Richardson, an African American male, alleges in his complaint that defendant, Alagasco, Inc.,[1] violated Title VII and 42 U.S.C. § 1981 by discriminating against him on the basis of his race, creating a hostile work environment and retaliating against him after he engaged in protected activity. Plaintiff alleges that he was employed by defendant for more than 28 years, until his

---

[1] The correct name of the defendant is Alabama Gas Corporation.

resignation in January 2013.  Plaintiff worked construction for five years, then took a position as a meter reader.  Plaintiff alleges that in 1998, defendant fired James Ware, after which plaintiff gave a deposition that he alleges that defendant considered to be favorable to Ware.[2]  Plaintiff alleges that before Ware's firing, he was allowed to work overtime; however, after the deposition, defendant retaliated against him by taking away overtime, denying him promotions, and creating a hostile work environment.  Plaintiff claims he was finally forced to resign.  Plaintiff asserts that in late 1999 or early 2000, he was denied a promotion to a dispatcher position, and the position was given to a less-qualified white female.  Plaintiff further alleges that Jim Hopper, a white supervisor, interviewed plaintiff for the position, but showed a demeaning attitude toward plaintiff.  Plaintiff alleges that defendant changed his routes, causing him to have to read meters with a flashlight, and caused him to be watched by cameras.

In their motion to dismiss, defendant contends that plaintiff has failed to allege facts sufficient to support a claim of retaliation, in that the adverse employment actions alleged by plaintiff are not "materially adverse" and plaintiff has failed to show a causal connection.  Defendant also asserts that plaintiff's Title VII and § 1981

---

[2] The court notes that Mr. Ware's case against defendant was filed on September 21, 1992, and concluded on August 31, 1994.  *Ware v. Alabama Gas Corp.*, Case No. 7:92-cv-02234-UWC. *See United States v. Glover*, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999) ("A court may take judicial notice of its own records and the records of inferior courts.").

race discrimination claims are untimely and that he has not pled sufficient facts to establish a hostile work environment. Defendant has provided the court with a copy of plaintiff's charge of discrimination with the EEOC, received April 5, 2013. In that charge, plaintiff claims discrimination based on race, sex and national origin; he makes no claim based on retaliation.

## MOTION TO DISMISS STANDARD

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court construes the complaint in the light most favorable to the plaintiff and accepts all well-pled facts alleged by in the complaint as true. Although it must accept well-pled facts as true, the court is not required to accept a plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (noting "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). In evaluating the sufficiency of a plaintiff's pleadings, a court can make reasonable inferences in plaintiff's favor, "but we are not required to draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. *Id.*; *see also Iqbal*, 556 U.S. at 681, 129 S.Ct. at 1951 (stating conclusory allegations are "not entitled to be assumed true").

A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face. *See Iqbal*, 556 U.S. at 679, 129 S.Ct. at 1950 (explaining "only a complaint that states a plausible claim for relief survives a motion to dismiss"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-62, 570, 127 S.Ct. 1955, 1968-69, 1974, 167 L.Ed.2d 929 (2007) (retiring the prior "unless it appears beyond doubt that the plaintiff can prove no set of facts" standard). In *Twombly*, the Supreme Court emphasized a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965. Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555, 127 S.Ct. at 1964-65 (internal citations and emphasis omitted).

In *Iqbal*, the Supreme Court reiterated that although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss. *Id.* The well-pled allegations must nudge

the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974.

## DISCUSSION

**Retaliation (Count I)**

While plaintiff claims that he gave a deposition for James Ware after 1998, it is clear from the court's records that any deposition would have occurred between 1992 and 1994. Prior to filing a retaliation claim pursuant to Title VII, plaintiff would have to have filed a charge of retaliation with the EEOC within 180 days of the allegedly retaliatory action. *See* 42 U.S.C. § 2000e-5(e)(1). Plaintiff never claimed to the EEOC that he was subjected to retaliation by defendant. Therefore, any claim of retaliation by plaintiff pursuant to Title VII is due to be dismissed and plaintiff must proceed under § 1981.[3]

To make out a *prima facie* case of retaliation, a plaintiff must show that "(1) [he] engaged in statutorily protected expression; (2) [he] suffered an adverse employment action; and (3) the adverse action was causally related to the protected expression." *Wideman v. Wal-Mart Stores, Inc.*, 141 F.3d 1453, 1454 (11th Cir. 1998). The challenged action must be materially adverse from the standpoint of a

---

[3] The same analysis applies to § 1981 claims as to Title VII claims. *See Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1277 (11th Cir. 2008); *Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1330 (11th Cir. 1998).

reasonable employee. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 126 S.Ct. 2405, 2415, 165 L.Ed.2d 345 (2006). To show the adverse action was causally related to the employee's protected expression, the plaintiff must prove "that the protected activity and the adverse action are not completely unrelated." *Wideman*, 141 F.3d at 1457 (quotation omitted). Although courts are to interpret "the causal link requirement broadly," *EEOC v. Reichhold Chem., Inc.*, 988 F.2d 1564, 1571 (11th Cir. 1993), merely showing that the alleged adverse action occurred sometime after the protected expression does not establish the causation element.

      The Eleventh Circuit has held that a three-month interval between the protected speech and an adverse action to be too great, without more, to establish an inference of retaliation. *Id.* at 1221; *see also Sullivan v. Nat'l R.R. Passenger Corp.*, 170 F.3d 1056, 1060-61 (11th Cir. 1999) (finding no causal link between protected activity in February 1994 and adverse employment actions in late 1994 and early 1995); *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 951 (11th Cir. 2000) (holding that a seven-month time period between the protected activity and the adverse employment action is too indirect to satisfy the causal connection requirement). The Supreme Court has recognized that where a plaintiff relies on "mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action" to establish the causal connection of her case, courts have "uniformly [held] that the temporal proximity must be very close." *Clark Cty. Sch.*

*Dist. v. Breeden*, 532 U.S. 268, 273, 121 S.Ct. 1508, 1511, 149 L.Ed.2d 509 (2001) (citing with approval circuit court cases invalidating temporal proximities of three and four months) (internal quotation marks omitted).

In *Burlington N. and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006), the Supreme Court held that "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id.* at 68, 126 S.Ct. at 2415 (internal quotations and citations omitted). "Normally petty slights, minor annoyances, and simple lack of good manners will not create such deterrence." *Id.* Title VII does not set forth "a general civility code for the American workplace." *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998). Therefore, the Supreme Court stated the importance of separating "significant from trivial harms." *White*, 548 U.S. at 68, 126 S.Ct. at 2415.

In plaintiff's case, the protected expression occurred between 1992 and 1994. He alleges that defendant retaliated by taking away overtime, denying him promotions, and creating a hostile work environment. The hostile environment alleged by plaintiff consisted of changing his routes, causing him to read meters with a flashlight and causing cameras to watch him.

The changing of routes, causing plaintiff to read meters by flashlight and causing cameras to watch plaintiff were not materially adverse actions which would support a claim of retaliation. The only promotion plaintiff alleges he was denied took place in late 1999 or early 2000. Thus, the temporal proximity between the protected activity and the denial of a promotion is not close enough to support a causal connection. Therefore, plaintiff's claim of retaliation based on these actions is due to be dismissed.

However, plaintiff's claim that he was denied overtime does allege a materially adverse action.[4] *See Shannon v. Bellsouth Telecommunications, Inc.*, 292 F.3d 712, 716 (11th Cir. 2002); *Bass v. Board of County Comm'rs*, 256 F.3d 1095, 1118 (11th Cir. 2001), *overruled in part on other grounds by Crawford v. Carroll*, 529 F.3d 961 (11th Cir. 2008). Plaintiff has alleged that after he gave a deposition for Ware, defendant began to retaliate against him by denying him overtime and that this continued until his resignation in 2013. Because plaintiff's complaint is filed *pro se*, the court is required to construe his allegations liberally. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). Plaintiff appears to allege a continuing violation in that he alleges

---

[4] Defendant has asserted in its motion to dismiss that the denial of overtime and changing of plaintiff's routes was done pursuant to a collective bargaining agreement. However, the assertion in the motion, without supporting evidence, cannot be considered by the court as factual for purposes of the motion to dismiss.

that the denial of overtime continued from the time he gave a deposition for Mr. Ware until his termination. While it is possible that plaintiff's claim of retaliation with respect to overtime will be subject to dismissal on summary judgment, the complaint allegations are sufficient to survive the motion to dismiss as to his claim of retaliation pursuant to 42 U.S.C. § 1981.

**Race Discrimination (Count II)**

Plaintiff alleges he was denied a promotion in 1999 or 2000. He did not file his EEOC charge until 2013. As noted above, any charge of discrimination must be filed within 180 days of the alleged discrimination. *See* 42 U.S.C. § 2000-5(e)(1). Because plaintiff did not timely file a charge of discrimination based on the failure to promote, the Title VII claim of race discrimination is due to be dismissed as untimely.

Title 42 U.S.C. § 1981 has a statute of limitation of four years. 28 U.S.C. § 1658(a); *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 124 S.Ct. 1836, 158 L.Ed.2d 645 (2004); *Palmer v. Stewart County School Dist.*, 215 Fed.Appx. 822 (11th Cir. 2007). Because plaintiff did not file this action until September 27, 2013, any § 1981 claim of discrimination with respect to the 1999 or 2000 denial of promotion is also untimely and due to be dismissed.

**Hostile Work Environment**

To prevail on a hostile environment claim, the plaintiff must show: (1) that she belongs to a protected group; (2) that she has been subject to unwelcome harassment; (3) that the harassment must have been based on a protected characteristic of the plaintiff; (4) that the harassment was sufficiently severe or pervasive to alter the terms or conditions of employment and create a discriminatorily abusive working environment; and (5) that the employer is responsible for such environment under either a theory of vicarious or direct liability. *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002) (citing *Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1245 (11th Cir. 1999) (*en banc*)).

In order to prove a claim for a racially hostile work environment, a plaintiff must "demonstrate that the actions of the defendants altered the conditions of the workplace, creating an objectively abusive and hostile atmosphere." *Edwards v. Wallace Community College*, 49 F.3d 1517, 1521 (11th Cir. 1995). Title VII is violated "[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21, 114 S.Ct. 367, 370, 126 L.Ed.2d 295 (1993) (internal quotation marks omitted). In deciding whether a hostile environment was created, factors to consider include (1) the frequency of the discriminatory conduct, (2) the severity of the discriminatory conduct, (3) whether the conduct is threatening

or humiliating, and (4) whether the conduct unreasonably interferes with the plaintiff's performance at work. *Edwards*, 49 F.3d at 1521-22.

The requirement that the plaintiff show that the conduct complained of was "sufficiently severe or pervasive to alter the conditions of employment and create an abusive work environment" is the element that tests the mettle of most harassment claims. Requiring the plaintiff to prove that the harassment is severe or pervasive ensures that Title VII does not become a mere "general civility code." *Gupta v. Florida Bd. of Regents*, 212 F.3d 571, 583 (11th Cir. 2000) (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 788, 118 S.Ct. 2275, 2283-84, 141 L.Ed.2d 662 (1998)). Accordingly, a plaintiff must establish not only that he or she subjectively perceived the environment as hostile and abusive, but also that a reasonable person would perceive the environment to be hostile and abusive. *See Mendoza*, 195 F.3d at 1246; *Faragher*, 524 U.S. at 788, 118 S.Ct. at 2284.

Plaintiff has alleged that a hostile environment existed because (1) he was denied overtime; (2) he was denied a promotion; (3) when he interviewed for the dispatcher position, he was told that "some people are more office prone than others" and "[i]f I decide to give you that position, I want you in there sitting on your ass, not running around talking"; (4) his routes were changed; (5) he had to read meters by flashlight; and (6) defendant caused cameras to watch him. Plaintiff has not alleged that any of these actions occurred because of his race. In addition, given the test for

a claim of hostile working environment, the actions complained of by plaintiff were not "sufficiently severe or pervasive to alter the terms or conditions of employment and create a discriminatorily abusive working environment."

## CONCLUSION

Based on the foregoing, it is RECOMMENDED that defendant's motion to dismiss be GRANTED with respect to (1) plaintiff's claim of retaliation pursuant to Title VII, (2) plaintiff's claim of retaliation pursuant to 42 U.S.C. § 1981 based on defendant changing his routes, causing him to read meters with a flashlight and causing cameras to watch him, (3) plaintiff's claims of race discrimination pursuant to Title VII and 42 U.S.C. § 1981, and (4) plaintiff's claims of hostile work environment or racially hostile work environment pursuant to Title VII and 42 U.S.C. § 1981, and that such claims be DISMISSED WITH PREJUDICE. It is further RECOMMENDED that defendant's motion to dismiss be DENIED as to plaintiff's claim of retaliation pursuant to 42 U.S.C. § 1981 based on denial of overtime.

## NOTICE OF RIGHT TO OBJECT

The parties are DIRECTED to file any objections to this Report and Recommendation within a period of fourteen (14) days from the date of entry. Any objections filed must specifically identify the findings in the magistrate judge's recommendation objected to. Frivolous, conclusive, or general objections will not be considered by the district court.

Failure to file written objections to the proposed findings and recommendations of the magistrate judge's report shall bar the party from a *de novo* determination by the district court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE this 10th day of December, 2013.

_____
HARWELL G. DAVIS, III
UNITED STATES MAGISTRATE JUDGE